MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GONZALO CORNELIO BASURTO, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td style="text-align:center">*Plaintiff,*</td><td style="text-align:center">**COMPLAINT**</td></tr>
<tr><td style="text-align:center">-against-</td><td style="text-align:center">**COLLECTIVE ACTION**<br>**UNDER 29 U.S.C. § 216(b)**</td></tr>
</table>

KAHALA HOLDINGS LLC., KAHALA
RESTAURANTS LLC., KAHALA FRANCHISING
LLC., KAHALA RESTAURANT HOLDINGS LLC,
KAHALA FRANCHISE CORP., KAHALA BRANDS
LTD., TWIN 161 CORP. (d/b/a BLIMPIE), and
REHAN KHAN,

**ECF Case**

*Defendants.*
------------------------------------------------------------X

　　　　Plaintiff Gonzalo Cornelio Basurto ("Plaintiff Basurto" or "Mr. Basurto"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon information and belief, and as against each of Defendants Twin 161 Corp. (d/b/a Blimpie)

("Franchisee Defendant Corporation"), Kahala Holdings LLC., Kahala Restaurants LLC., Kahala

Franchising LLC., Kahala Restaurant Holdings LLC, Kahala Franchise Corp., Kahala Brands Ltd.

("Franchisor Defendant Corporation"), and Rehan Khan ("Franchisee Individual Defendants")

(collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

　　　　1.　　Franchisee Defendants own, operate or control an American Submarine Sandwich

chain located at 196 E. 161st Street, Bronx, New York 10451, operating under the trade name

"Blimpie".

2.     Franchisee Defendants are franchised to operate Blimpie under contract with the Franchisor Defendants.

3.     Blimpie is an American Submarine Sandwich restaurant owned by Rehan Khan, located at 196 E. 161st Street, Bronx, New York 10451.

4.     Upon information and belief, Defendant Rehan Khan serves or served as owner, manager, principal or agent of Defendant Corporations and through these corporate entities operate the American Submarine Sandwich restaurant.

5.     Plaintiff Basurto is a former employee of Defendants.

6.     Plaintiff Basurto was employed as a cook.

7.     At all times relevant to this Complaint, Plaintiff Basurto worked for Franchisee Defendants in excess of 40 hours per week, without receiving the appropriate compensation for the hours that he worked.

8.     Rather, Franchisee Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Basurto appropriately for his hours, either at the straight rate of pay or for any additional overtime premium.

9.     Further, Franchisee Defendants failed to pay Plaintiff Basurto the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Upon information and belief, Franchisor Defendant knew or should have known of work performed by Plaintiff and similarly situated employees, and/or knew or should have known of the unlawful policies of requiring Plaintiff and other employees to work without providing the minimum wage, overtime pay and spread of hours compensation required by federal and state law and regulations; and upon information and belief, Franchisor Defendant had the power to stop the work and/or the violations, but failed to do so.

2

11.     Defendants' conduct extended beyond Plaintiff Basurto to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Basurto and other employees to work in excess of forty (40) hours per week without providing them the compensation required by federal and state law and regulations.

13.     Plaintiff Basurto now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 et seq., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiff Basurto seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Basurto's state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Basurto was employed by Defendants in this district.

## PARTIES

*Plaintiff*

17.     Plaintiff Gonzalo Cornelio Basurto ("Plaintiff Basurto" or "Mr. Basurto") is an adult individual residing in Bronx County, New York.

18.     Plaintiff Basurto was employed by Defendants from approximately November 2016 until on or about October 4, 2017. At all relevant times to this complaint, Plaintiff Basurto was employed by Defendants as a cook.

19.     Plaintiff Basurto consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Franchisor Defendant*

20.     Upon information and belief, Kahala Holdings LLC., is an Arizona Limited Liability Company with its national headquarters at 9311 East Via De Ventura, Scottsdale, Arizona 85258-3423.

21.     Upon information and belief, Kahala Restaurants LLC., is an Arizona Limited Liability Company with its principal place of business at 9311 East Via De Ventura, Scottsdale, Arizona 85258.

22.     Upon information and belief, Kahala Franchising LLC., is an Arizona Limited Liability Company with its principal place of business at 9311 East Via De Ventura, Scottsdale, Arizona 85258.

23.     Upon information and belief, Kahala Restaurant Holdings LLC, is an Arizona Limited Liability Company with its principal place of business at 9311 East Via De Ventura, Scottsdale, Arizona 85258.

24.     Upon information and belief, Kahala Franchise Corp., is an Arizona Limited Liability Company with its principal place of business at 9311 East Via De Ventura, Scottsdale, Arizona 85258.

4

25.     Upon information and belief, Kahala Brands Ltd. is an Arizona Limited Liability Company with its principal place of business at 9311 East Via De Ventura, Scottsdale, Arizona 85258.

26.     Upon information and belief, Franchisor Defendants grant franchises to operate Blimpie s in New York and grant sublicenses to franchisees to use the Blimpie trademarks.

27.     Facts which demonstrate that Franchisor Defendants were Plaintiff Basurto's employer include:

  a)  Defendant suffered or permitted Plaintiff and similarly situated employees to work.

  b)  Defendant acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

  c)  Defendant has an economic interest in the Blimpie location in which Plaintiff and similarly situated employees work.

  d)  Defendant simultaneously benefitted from Plaintiff Basurto's work.

  e)  Defendant had either functional and/or formal control over terms and conditions of work of Plaintiff and similarly situated employees.

28.     Plaintiff and similarly situated employees performed work integral to each Defendant's operation.

*Franchisee Defendants*

29.     Upon information and belief, Twin 161 Corp. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its franchisee location at 196 E. 161st Street, Bronx, New York 10451.

30.     Defendant Rehan Khan is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rehan Khan is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

31.     Defendant Rehan Khan possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

32.     Defendant Rehan Khan determined the wages and compensation of the employees of Defendants, including Plaintiff Basurto, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

33.     Defendants own, operate, or control a chain of American Sandwiches restaurants, one of which is located in the High Bridge area of Bronx.

34.     Individual Defendant Rehan Khan possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiff Basurto's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Basurto, and all similarly situated individuals, referred to herein.

6

37.     Defendants jointly employed Plaintiff Basurto, and all similarly situated individuals, and are Plaintiff Basurto's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

38.     In the alternative, Defendants constitute a single employer of Plaintiff Basurto and/or similarly situated individuals.

39.     Upon information and belief, individual defendant Rehan Khan operates Defendant Corporations as either alter egos of himself , and/or fail to operate Defendant Corporations as legal entities separate and apart from himself by, among other things:

    a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

    b)   defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c)   transferring assets and debts freely as between all Defendants;

    d)   operating Defendant Corporations for his own benefit as the sole or majority shareholder;

    e)   operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

    f)   intermingling assets and debts of his own with Defendant Corporations;

    g)   diminishing and/or transferring assets of Defendant Corporations to protect his own interests; and

    h)   other actions evincing a failure to adhere to the corporate form.

40.     At all relevant times, Franchisee Defendant was Plaintiff Basurto's employer within the meaning of the FLSA and New York Labor Law. Franchisee Defendant had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Basurto's services.

41.     Upon information and belief, Franchisor Defendants run a business dependent on its franchise and corporate-owned store selling and delivering food based on a prescribed mode. As such, upon information and belief, Plaintiff Basurto's work is integral to Franchisor Defendants' operations.

42.     Upon information and belief, Franchisor Defendants coordinated certain customer service options for all restaurants, corporate and franchise owned. For example, Franchisor Defendants have a central research and development team to create new products for Blimpie. See http://blimpie.com.

43.     Upon information and belief, Franchisor Defendants have maintained control over many aspects of Franchisee Defendants' operations. For example, upon information and belief, Blimpie must conform to standard layout requirements. In addition, upon information and belief, Blimpie guides Franchisees on how to hire and train employees, as well as materials giving directions to employees as to how to perform their jobs.

44.     Upon information and belief, through its franchise agreement and in other ways, Franchisor Defendants set requirements for the operation of Franchise Defendants and enforced those requirements, in particular, requirements related to the work of Plaintiff and similarly situated employees. The requirements include, but are not limited to monitoring employee performance, specifying equipment, uniforms, and supplies for the use of Plaintiff and other similarly situated employees, and specifying the methods and procedures Plaintiff and other similarly situated employees use in preparing customer orders.

45.     Upon information and belief, through these requirements, Franchisor Defendants had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiff Basurto and similarly situated employees.

46.     Upon information and belief, the Franchisor Defendants had the authority to require that Franchisee Defendants employ recordkeeping of the operations of Franchisee Defendants, including systems for tracking hours and wages and for retaining payroll records.

47.     Upon information and belief, these recordkeeping systems required by Franchisor Defendants were an instrument through which unlawful policies, patterns, and/or practices in this case were implemented.

48.     Upon information and belief, Franchisor Defendants had the right to inspect the facilities and operations of Franchisee Defendants.

49.     Upon information and belief, Franchisor Defendant had the right to audit all Franchisee records.

50.     Upon information and belief, Franchisor Defendants had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendants.

51.     Upon information and belief, Franchisor Defendants knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiff Basurto and similarly situated employees through the monitoring of Franchisees.

52.     Franchisor Defendants could have terminated the franchise agreements of Franchisee Defendants and caused Franchisee Defendants to cease operation of the franchise restaurants under certain circumstances, including in the event of violations of the law. Thus, upon information and belief, Franchisor Defendants have had the authority to stop violations of the labor law and, ultimately, to control the employment of Plaintiff and similarly situated employees, including, but not limited to,

causing the termination of their employment. Moreover, Franchisor Defendants had the power to induce compliance with applicable wage and hour laws by threatening to terminate a franchise agreement.

53.     In each year from 2016to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

54.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the American Submarine Sandwich chain on a daily basis, such as meats, were produced outside of the State of New York.

*Individual Plaintiff*

55.     Plaintiff Basurto is a former employee of Defendants.

56.     Plaintiff Basurto seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Gonzalo Cornelio Basurto*

57.     Plaintiff Basurto was employed by Defendants from approximately November 2016 until on or about October 4, 2017.

58.     At all relevant times, Plaintiff Basurto was employed by Defendants as a cook.

59.     Plaintiff Basurto regularly handled goods in interstate commerce such as condiments, meats and sauces.

60.     Plaintiff Basurto's work duties required neither discretion nor independent judgment.

61.     Throughout his employment with Defendants, Plaintiff Basurto regularly worked in excess of 40 hours per week.

62.     From approximately November 2016 until on or about February 2017, Plaintiff Basurto worked from approximately 7:00 a.m. until on or about 3:15 p.m. five days a week (typically 41.25 hours per week).

63.     From approximately February 2017 until on or about October 4, 2017, Plaintiff Basurto worked from approximately 6:00 a.m. until on or about 3:15 p.m. five days a week  and from approximately 6:00 a.m. until on or about 10:00 p.m.one day a week (typically 62.25 hours per week).

64.     Throughout his employment, defendants paid Plaintiff Basurto his wages in cash.

65.     From approximately November 2016 until on or about February 2017, Defendants paid Plaintiff Basurto $10.00 per hour.

66.     From approximately February 2017 until on or about October 4, 2017, Defendants paid Plaintiff Basurto $12.00 per hour.

67.     Plaintiff Basurto's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

68.     For example, defendants required Plaintiff Basurto to work 15 minutes past his scheduled departure time every day, and did not compensate him for the additional time he worked.

69.     In addition, defendants refused to pay Plaintiff Basurto for his last week of work and still owe him over $900.00.

70.     Defendants never granted Plaintiff Basurto any breaks or meal periods of any length. Defendants did not provide Plaintiff Basurto with a statement of wages with each payment of wages, as required by NYLL 195(3).

71.     Rather, Defendants required Plaintiff Basurto to sign time cards in order to receive his pay.

72.     Defendants never provided Plaintiff Basurto with a written notice, in English and in Spanish (Plaintiff Basurto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

73.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Basurto regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

74.     Defendants regularly required Plaintiff Basurto to work in excess of forty (40) hours per week without paying him the required minimum wage, proper overtime and spread of hours compensation.

75.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Basurto (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum and overtime compensation, as required by federal and state laws.

76.     Defendants paid Plaintiff Basurto all of his wages in cash.

77.     Defendants' pay practices resulted in Plaintiff Basurto not receiving appropriate payment for all his hours worked, resulting in Plaintiff Basurto's effective rate of pay falling below the required minimum and overtime wage rate.

78.     Defendants habitually required their employees, including Plaintiff Basurto, to work additional minutes beyond their regular shifts, but did not provide them with any additional compensation.

79.     By employing this practice, Defendants avoided paying Plaintiff Basurto at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

12

80.     Defendants willfully disregarded and purposefully evaded accurate recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

81.     Defendants failed to post required wage and hour posters in the American Submarine Sandwich chain, and did not provide Plaintiff Basurto with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Basurto's relative lack of sophistication in wage and hour laws.

82.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Basurto (and similarly situated individuals) worked, and to avoid paying Plaintiff Basurto properly for (1) minimum wage; (2) overtime due; (3) spread of hours compensation.

83.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Basurto and other similarly situated current and former workers.

85.     Defendants failed to provide Plaintiff Basurto and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.     Defendants failed to provide Plaintiff Basurto and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.     Plaintiff Basurto brings his FLSA minimum wage, overtime pay and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Rehan Khan (the "FLSA Class").

88.     At all relevant times, Plaintiff Basurto  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA

89.     The claims of Plaintiff Basurto stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS

14

**OF THE FLSA**

90.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

91.     At all times relevant to this action, Defendants were Plaintiff Basurto's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Basurto (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

92.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

94.     Defendants failed to pay Plaintiff Basurto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95.     Defendants' failure to pay Plaintiff Basurto (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiff Basurto (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE FLSA**

97.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

15

98.     At all times relevant to this action, Defendants were Plaintiff Basurto's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Basurto (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

99.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101.     Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Basurto  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

102.     Defendants' failure to pay Plaintiff Basurto (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.      Plaintiff Basurto (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK

### MINIMUM WAGE RATE

104.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

105.     At all times relevant to this action, Defendants were Plaintiff Basurto's employers within the meaning of the N.Y.  Lab.  Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiff Basurto (and the FLSA Class members), controlled terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

106.     Defendants, in violation of the NYLL, paid Plaintiff Basurto  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

107.     Defendants' failure to pay Plaintiff Basurto (and the FLSA Class members) minimum wage was willful within the meaning of N.Y.  Lab.  Law § 663.

108.     Plaintiff Basurto (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE

## NEW YORK STATE LABOR LAW

109.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

110.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Basurto overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

111.     Defendants' failure to pay Plaintiff Basurto overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.     Plaintiff Basurto was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

REQUIREMENTS OF THE NEW YORK LABOR LAW

113.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

114.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff Basurto's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

115.     Defendants are liable to Plaintiff Basurto in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

116.     Plaintiff Basurto repeats and realleges all paragraphs above as though set forth fully herein.

117.     Defendants did not provide Plaintiff Basurto with wage statements upon each payment of wages, as required by NYLL 195(3).

118.     Defendants are liable to Plaintiff Basurto in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMISSIONER OF LABOR**

119.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

120.    Defendants failed to pay Plaintiff Basurto one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Basurto's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

121.    Defendants' failure to pay Plaintiff Basurto an additional hour's pay for each day Plaintiff Basurto's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

122.    Plaintiff Basurto was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Basurto respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Basurto and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Basurto and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Basurto's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Basurto and the FLSA class members;

19

(f)     Awarding Plaintiff Basurto and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Basurto and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Basurto and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Basurto and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Basurto and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Basurto's, and the FLSA Class members', compensation, hours, wages, and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Basurto and the FLSA Class members;

(m)     Awarding Plaintiff Basurto and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Basurto damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(o)     Awarding Plaintiff Basurto and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)       Awarding Plaintiff Basurto and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Basurto and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)       All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Basurto demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
　　　 October 12, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

*/s/ Michael Faillace*
By:　Michael A. Faillace
　　　60 East 42nd Street, Suite 4510
　　　New York, New York 10165
　　　(212) 317-1200
　　　*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 4, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                              Gonzalo Cornelio Basurto

Legal Representative/ Representante        Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                               October 4, 2017

*Certified as a minority-owned business in the State of New York*