## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") entered into by and between Gonzalo Cornelio Basurto ("Plaintiff"), on the one hand, and Twin 161 Corp. (d/b/a Blimpie) and Reehan Khan ("Defendants"), on the other hand.

### WITNESSETH:

**WHEREAS,** on or about October 12, 2017, Plaintiff commenced a lawsuit against Defendant in the United States District Court for the Southern District of New York (the, "Court"), with Civil Action Number 17-cv-7848-PGG (the "Lawsuit"); and

**WHEREAS,** Plaintiff and Defendants (collectively the "Parties") now desire to resolve all claims, disputes and causes of action which Plaintiff, his heirs, executors, administrators and assigns had, have or may have alleged in the Lawsuit against Defendants;

**NOW, THEREFORE,** in consideration of the mutual covenants and other good and valuable consideration contained herein, the Parties hereby agree as follows:

1.  **Payment:** In exchange for the promises contained in this Agreement, Plaintiff shall receive the sum of FOURTEEN-THOUSAND 00/XX DOLLARS ($14,000.00) (the "Settlement Payment") to be paid within 30 days of Court approval of the Agreement, as follows:

    (a)  A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within thirty (30) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

(b) A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within sixty (60) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

(c) A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within ninety (90) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

(d) A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within one-hundred and twenty (120) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

The payments set forth above shall be sent to Plaintiff's attorney, Sara Isaacson, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165.

2. Although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines

that Plaintiff and/or Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

3. **Failure to Pay**: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) 150% times any remaining amounts owed; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce payment terms of the Agreement. Defendants shall deliver to Michael Faillace & Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement to be held in escrow by Plaintiff's attorneys until default or until the final payment. If a default is not cured after ten (10) days notice to cure in writing, sent to the Defendants' attorneys, then the confessions of judgment shall be released. Upon payment in full, the confessions of judgment shall be returned to the Defendants' attorney.

4. The consideration set forth in Paragraph 1 hereof is in complete settlement of any and all demands or claims which Plaintiff asserted in the Lawsuit against Defendants, including attorney fees. Plaintiff hereby specifically acknowledges that this Agreement, and the Settlement Payment received by Plaintiff and referenced herein, is a fair and reasonable resolution of a bona fide dispute over the provisions of the Fair Labor Standards Act, the New York Labor Law, and the New York City Administrative Code for wages paid, time worked and/or other related wage claims.

5. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees to dismiss with prejudice, or cause to be dismissed with prejudice, the Lawsuit, within 10 days of Court approval of the Agreement. Plaintiff and Defendant expressly authorize their respective Counsel to execute an Order of Dismissal with Prejudice annexed hereto as "Exhibit B" (the "Order") and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit with prejudice. The Court shall nevertheless retain jurisdiction over this matter to enforce the terms of this Agreement. Should the Court not approve the Order, the Parties agree that this Agreement shall be void and of no further effect, and any and all payments made pursuant to this Agreement shall be promptly returned, and they further agree that they will have forfeited no rights.

6. In consideration of the Settlement Payment referred to in Paragraph 1 hereof, Plaintiff for himself and his heirs, successors and assigns, hereby promises and represents that, other than the aforesaid Lawsuit, he has not, and shall not, commence any administrative or judicial lawsuit or proceeding seeking unpaid minimum wages, overtime, or other wage claims as alleged in the Lawsuit, against Defendants, or their subsidiaries, affiliates, officers, trustees, board members and directors, (whether in their individual or representative capacity) partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, in their individual or official capacities (hereinafter collectively referred to as "Releasees"), and Plaintiff hereby releases and discharges Releasees from, and holds them harmless against, any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims which he now has relating to, or arising under, any federal,

state, or local statute or regulation including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, New York Labor Law ("NYLL") §§ 650 *et seq.*, and Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State, promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. In the event Plaintiff voluntarily or knowingly institutes, or becomes a party to, or is a member of a class that institutes any such action, his claims shall be dismissed, or class membership terminated immediately upon presentation of this Agreement, and he shall reimburse Releasees for all legal fees and expenses incurred in defending such claims instituted by Plaintiff or with his consent or ratification, and in obtaining dismissal thereof.

7. The Parties recognize and agree that the making of this Agreement is not intended to and does not constitute or imply, nor shall it be construed as, an admission of (i) liability or wrongdoing by Defendants and/or Releasees, or (ii) any violation of any federal, state or local statute, regulation or ordinance, or of any other right of Plaintiff, upon any legal or equitable theory, whether contractual, common-law, statutory or otherwise.

8. Plaintiff has entered into the Agreement under his own free will and volition, upon consultation with his attorney.

9. This Agreement sets forth the entire agreement between the Parties with respect to its subject matter and fully supersedes any and all prior agreements or understandings, if any, between them pertaining to its subject matter.

10. The provisions of this Agreement are severable. If any of its terms are deemed unenforceable, the remaining provisions shall remain in effect.

11. This Agreement shall be construed in accordance with the laws of the State of New York without giving effect to principles of conflicts of law.

12. Any notices or communications required to be given by either party hereunder shall be in writing and shall be sent by certified mail, return receipt requested, by priority mail with electronic confirmation of delivery, or by facsimile transmission to the party receiving such communication at the address or fax number specified below:

| | |
|---|---|
| If to Defendant | Joseph Alan Altman, Esq.<br>Altman & Altman Esqs.<br>951 Bruckner Blvd., First Floor<br>Bronx, New York 10459<br>Tel: (718) 328-4898 |
| If to Plaintiff: | Sara Isaacson, Esq.<br>Michael Faillace & Associates, P.C.<br>60 East 42nd Street, Suite 4510,<br>New York, NY 10165<br>Tel: (212) 317-1200<br>Fax: (212) 317-1620 |

10. This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

TWIN 161 CORP.

By: _____
     Rehan Khan, President


_____
    Rehan Khan

_____
Gonzalo Cornelio Basurto

by priority mail with electronic confirmation of delivery, or by facsimile transmission to the party receiving such communication at the address or fax number specified below:

If to Defendant
Joseph Alan Altman, Esq.
Altman & Altman Esqs.
1009 East 163rd Street
Bronx, New York 10459
Tel: (718) 328-4898

If to Plaintiff:
Sara Isaacson, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510,
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620

10. This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

TWIN 161 CORP.

By: _Rehan Khan, President_
[INSERT NAME and POSITION]


_____
Rehan Khan


_____
Gonzalo Cornelio Basurto

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
----------------------------------------------------------------X

GONZALO CORNELIO BASURTO, *individually*
*and on behalf of others similarly situated,*

                        *Plaintiffs,*

       -against-

TWIN 161 CORP. (d/b/a BLIMPIE), and REHAN
KHAN,

                        *Defendants.*
----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK   )
                              ) ss.
COUNTY OF __BX__   )

Rehan Khan, being duly sworn, deposes and says:

1. I reside in __BX__, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Twin 161 Corp. (d/b/a Blimpie) and Rehan Khan are to submit a total sum of Fourteen Thousand Dollars and Zero Cents ($14,000.00) to Plaintiff.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Gonzalo Cornelio Basurto ("Plaintiff") and Twin 161 Corp. (d/b/a Blimpie) and Rehan Khan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiff for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $14,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), times 150% against me, Rehan Khan.

Sworn to before me on
this 15th day of August 2018

JOSEPH A. ALTMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL4805116
Qualified in Westchester County
My Commission Expires 07-31-2022

/s/ Rehan Khan
Rehan Khan

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
------------------------------------------------------------X
GONZALO CORNELIO BASURTO, *individually
and on behalf of others similarly situated,*

                                *Plaintiffs,*

       -against-                                     AFFIDAVIT OF
                                                         CONFESSION
TWIN 161 CORP. (d/b/a BLIMPIE), and REHAN    OF JUDGMENT
KHAN,

                              *Defendants.*
------------------------------------------------------------X

STATE OF NEW YORK    )
                              ) ss.
COUNTY OF __Bronx__  )

__Rehan Khan__, being duly sworn, deposes and says:

1. I reside in __Bronx__, New York

2. I am an owner of Twin 161 Corp. (d/b/a Blimpie). I am duly authorized to make this affidavit of confession of judgment on behalf of Twin 161 Corp.

3. Twin 161 Corp. maintains its principal place of business at 196 E. 161st Street, Bronx, New York 10451.

4. This affidavit of confession of judgment is for debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Twin 161 Corp. and Rehan Khan are to submit a total sum of Fourteen Thousand Dollars and Zero Cents ($14,000.00) to Plaintiff.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Gonzalo Cornelio Basurto ("Plaintiff") and Twin 161 Corp. and Rehan Khan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Twin 161 Corp. and in favor of Plaintiff for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New

York, New York County, as a judgment for $14,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Twin 161 Corp.

Twin 161 Corp.

By: _Rehan Khan_

9 day of July of 2018

Notary Public

CHARLES I. CHONG
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CH6125991
Qualified in Bronx County
Commission Expires May 23, 2021