# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone. (212) 317-1200
Facsimile. (212) 317-1620

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/18

August 16, 2018

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

MEMO ENDORSED

The parties' settlement agreement is approved by the Court.
SO ORDERED:

*Paul Gardephe*

Paul G. Gardephe, U.S.D.J.

Dated: Oct. 31, 18

Re:   *Basurto, et al v. Kahala Holdings LLC, et al*
      Case No. 17-cv-7848-PGG

Your Honor:

This office represents Plaintiff Gonzalo Cornelio Basutro ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants Twin 161 Corp. (d/b/a Blimpie) and Rehan Khan ("Defendants" and together with Plaintiff, the "Parties").

The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what she would be entitled to if she prevailed at trial, that the settlement is fair, as discussed herein.

**Background**

Plaintiff was employed by Defendants to work at an American Submarine Sandwich chain located at 196 E. 161st Street, Bronx, New York 10451, operating under the name "Blimpie."

Plaintiff was employed by Defendants as a cook from approximately November 2016 until on or about October 4, 2017. From approximately November 2016 until on or about February 2017, Plaintiff worked approximately 41.25 hours per week. From approximately February 2017 until on or about October 4, 2017, Plaintiff worked approximately 62.25 hours per week. Throughout his employment, Plaintiff was paid her wages in cash. From approximately November 2016 until on or about February 2017, Defendants paid Plaintiff $10.00 per hour. From approximately February 2017 until on or about October 4, 2017, Defendants paid Plaintiff $12.00 per hour.

Hon. Paul G. Gardephe
August 16, 2018
Page 2 of 4

Plaintiff therefore brought this action seeking to recover unpaid overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegations and allege that Plaintiff was paid in accordance with the law. After weighing the risks of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

**Settlement**

The Parties have agreed to resolve this action for the total sum of $14,000 which will be paid as outlined in **Exhibit A**. The Plaintiff estimated that, in a best case scenario, he would be entitled to approximately $4,731.75 in minimum and overtime base damages. However, if Defendants were to succeed in proving that Plaintiff was paid in accordance with the law, they estimate that the Plaintiff would not be entitled to anything at all.

Nine thousand Three-Hundred and Thirty-Three Dollars and Thirty-Three cents ($9,333.33) of the settlement amount will be paid to the Plaintiff. The remaining Four Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven cents ($4,666.67) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. The Fourteen Thousand dollars ($14,000.00) that he will be receiving accounts for a significant portion of any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiff would recover if Defendants were to successfully establish that Plaintiff was paid in accordance with the law.

Hon. Paul G. Gardephe
August 16, 2018
Page 3 of 4

Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### The Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $4,666.67 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiff's retainer agreement, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are the Plaintiff's attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

Hon. Paul G. Gardephe
August 16, 2018
Page 4 of 4

      The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

      Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

      In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

      Thank you for your consideration in this matter.

                                     Respectfully Submitted,

                                     /s/ Michael Faillace
                                   Michael Faillace, Esq.
                                   Michael Faillace & Associates, P.C.
                                   *Attorneys for Plaintiff*

cc:      Joseph Altman, Esq. (via ECF)
         *Attorney for Defendants*

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") entered into by and between Gonzalo Cornelio Basurto ("Plaintiff"), on the one hand, and Twin 161 Corp. (d/b/a Blimpie) and Reehan Khan ("Defendants"), on the other hand.

### WITNESSETH:

**WHEREAS,** on or about October 12, 2017, Plaintiff commenced a lawsuit against Defendant in the United States District Court for the Southern District of New York (the, "Court"), with Civil Action Number 17-cv-7848-PGG (the "Lawsuit"); and

**WHEREAS,** Plaintiff and Defendants (collectively the "Parties") now desire to resolve all claims, disputes and causes of action which Plaintiff, his heirs, executors, administrators and assigns had, have or may have alleged in the Lawsuit against Defendants;

**NOW, THEREFORE,** in consideration of the mutual covenants and other good and valuable consideration contained herein, the Parties hereby agree as follows:

1. Payment: In exchange for the promises contained in this Agreement, Plaintiff shall receive the sum of FOURTEEN-THOUSAND 00/XX DOLLARS ($14,000.00) (the "Settlement Payment") to be paid within 30 days of Court approval of the Agreement, as follows:

    (a) A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within thirty (30) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

(b) A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within sixty (60) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

(c) A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within ninety (90) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

(d) A check in the amount of Three-Thousand Five Hundred Dollars ($3,500) made payable to "Michael A. Faillace & Associates, P.C., as Attorneys for Plaintiff," for immediate deposit within one-hundred and twenty (120) days of court approval of the Agreement, delivered to Plaintiff's counsel within 7 days of Court approval of the Agreement.

The payments set forth above shall be sent to Plaintiff's attorney, Sara Isaacson, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165.

2. Although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines

that Plaintiff and/or Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

3. <u>Failure to Pay</u>: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) 150% times any remaining amounts owed; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce payment terms of the Agreement. Defendants shall deliver to Michael Faillace & Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement to be held in escrow by Plaintiff's attorneys until default or until the final payment. If a default is not cured after ten (10) days notice to cure in writing, sent to the Defendants' attorneys, then the confessions of judgment shall be released. Upon payment in full, the confessions of judgment shall be returned to the Defendants' attorney.

4. The consideration set forth in Paragraph 1 hereof is in complete settlement of any and all demands or claims which Plaintiff asserted in the Lawsuit against Defendants, including attorney fees. Plaintiff hereby specifically acknowledges that this Agreement, and the Settlement Payment received by Plaintiff and referenced herein, is a fair and reasonable resolution of a bona fide dispute over the provisions of the Fair Labor Standards Act, the New York Labor Law, and the New York City Administrative Code for wages paid, time worked and/or other related wage claims.

5. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees to dismiss with prejudice, or cause to be dismissed with prejudice, the Lawsuit, within 10 days of Court approval of the Agreement. Plaintiff and Defendant expressly authorize their respective Counsel to execute an Order of Dismissal with Prejudice annexed hereto as "Exhibit B" (the "Order") and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit with prejudice. The Court shall nevertheless retain jurisdiction over this matter to enforce the terms of this Agreement. Should the Court not approve the Order, the Parties agree that this Agreement shall be void and of no further effect, and any and all payments made pursuant to this Agreement shall be promptly returned, and they further agree that they will have forfeited no rights.

6. In consideration of the Settlement Payment referred to in Paragraph 1 hereof, Plaintiff for himself and his heirs, successors and assigns, hereby promises and represents that, other than the aforesaid Lawsuit, he has not, and shall not, commence any administrative or judicial lawsuit or proceeding seeking unpaid minimum wages, overtime, or other wage claims as alleged in the Lawsuit, against Defendants, or their subsidiaries, affiliates, officers, trustees, board members and directors, (whether in their individual or representative capacity) partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, in their individual or official capacities (hereinafter collectively referred to as "Releasees"), and Plaintiff hereby releases and discharges Releasees from, and holds them harmless against, any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims which he now has relating to, or arising under, any federal,

state, or local statute or regulation including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, New York Labor Law ("NYLL") §§ 650 *et seq.*, and Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State, promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. In the event Plaintiff voluntarily or knowingly institutes, or becomes a party to, or is a member of a class that institutes any such action, his claims shall be dismissed, or class membership terminated immediately upon presentation of this Agreement, and he shall reimburse Releasees for all legal fees and expenses incurred in defending such claims instituted by Plaintiff or with his consent or ratification, and in obtaining dismissal thereof.

7.  The Parties recognize and agree that the making of this Agreement is not intended to and does not constitute or imply, nor shall it be construed as, an admission of (i) liability or wrongdoing by Defendants and/or Releasees, or (ii) any violation of any federal, state or local statute, regulation or ordinance, or of any other right of Plaintiff, upon any legal or equitable theory, whether contractual, common-law, statutory or otherwise.

8.  Plaintiff has entered into the Agreement under his own free will and volition, upon consultation with his attorney.

9.  This Agreement sets forth the entire agreement between the Parties with respect to its subject matter and fully supersedes any and all prior agreements or understandings, if any, between them pertaining to its subject matter.

10. The provisions of this Agreement are severable. If any of its terms are deemed unenforceable, the remaining provisions shall remain in effect.

11. This Agreement shall be construed in accordance with the laws of the State of New York without giving effect to principles of conflicts of law.

12. Any notices or communications required to be given by either party hereunder shall be in writing and shall be sent by certified mail, return receipt requested, by priority mail with electronic confirmation of delivery, or by facsimile transmission to the party receiving such communication at the address or fax number specified below:

If to Defendant         Joseph Alan Altman, Esq.
                        Altman & Altman Esqs.
                        951 Bruckner Blvd., First Floor
                        Bronx, New York 10459
                        Tel: (718) 328-4898

If to Plaintiff:        Sara Isaacson, Esq.
                        Michael Faillace & Associates, P.C.
                        60 East 42nd Street, Suite 4510,
                        New York, NY 10165
                        Tel: (212) 317-1200
                        Fax: (212) 317-1620

10. This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

TWIN 161 CORP.

By: _____
    Rehan Khan, President


_____
Rehan Khan

_____
Gonzalo Cornelio Basurto

by priority mail with electronic confirmation of delivery, or by facsimile transmission to the party receiving such communication at the address or fax number specified below:

| | |
|---|---|
| If to Defendant | Joseph Alan Altman, Esq.<br>Altman & Altman Esqs.<br>1009 East 163rd Street<br>Bronx, New York 10459<br>Tel: (718) 328-4898 |
| If to Plaintiff: | Sara Isaacson, Esq.<br>Michael Faillace & Associates, P.C.<br>60 East 42nd Street, Suite 4510,<br>New York, NY 10165<br>Tel: (212) 317-1200<br>Fax: (212) 317-1620 |

10. This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

TWIN 161 CORP.

By: *Rehan Khan; President*
[INSERT NAME and POSITION]


*/signature/*
Rehan Khan


_____
Gonzalo Cornelio Basurto

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------X

GONZALO CORNELIO BASURTO, *individually
and on behalf of others similarly situated,*

                        *Plaintiffs,*

        -against-                                  AFFIDAVIT OF
                                                              CONFESSION
TWIN 161 CORP. (d/b/a BLIMPIE), and REHAN        OF JUDGMENT
KHAN,

                        *Defendants.*
-----------------------------------------------------------X


STATE OF NEW YORK  )
                              ) ss.
COUNTY OF __BX__  )

Rehan Khan, being duly sworn, deposes and says:

1. I reside in __BX__, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Twin 161 Corp. (d/b/a Blimpie) and Rehan Khan are to submit a total sum of Fourteen Thousand Dollars and Zero Cents ($14,000.00) to Plaintiff.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Gonzalo Cornelio Basurto ("Plaintiff") and Twin 161 Corp. (d/b/a Blimpie) and Rehan Khan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiff for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $14,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), times 150% against me, Rehan Khan.

Sworn to before me
this 15th day of August
                                    _/s/ Rehan Khan_
                                      Rehan Khan

JOSEPH A. ALTMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL4805116
Qualified in Westchester County
My Commission Expires 07-31-2022

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
GONZALO CORNELIO BASURTO, *individually
and on behalf of others similarly situated*,

                    Plaintiffs,

      -against-

TWIN 161 CORP. (d/b/a BLIMPIE), and REHAN
KHAN,

                    *Defendants*.
-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK    )
                             ) ss.
COUNTY OF Bronx        )

Rehan Khan, being duly sworn, deposes and says:

1. I reside in Bronx, New York

2. I am an owner of Twin 161 Corp. (d/b/a Blimpie). I am duly authorized to make this affidavit of confession of judgment on behalf of Twin 161 Corp.

3. Twin 161 Corp. maintains its principal place of business at 196 E. 161st Street, Bronx, New York 10451.

4. This affidavit of confession of judgment is for debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Twin 161 Corp. and Rehan Khan are to submit a total sum of Fourteen Thousand Dollars and Zero Cents ($14,000.00) to Plaintiff.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Gonzalo Cornelio Basurto ("Plaintiff") and Twin 161 Corp. and Rehan Khan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Twin 161 Corp. and in favor of Plaintiff for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New

York, New York County, as a judgment for $14,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Twin 161 Corp.

Twin 161 Corp.

By: _Rehan Khan_

9 day of July of 2018

Notary Public

CHARLES I. CHONG
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CH6125991
Qualified in Bronx County
Commission Expires July 23, 20__

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200             Fax:(212) 317-1620

Isidro Morales Basurto                                                                  August 8, 2018

|  | File #: | Blimpies |
|---|---|---|
| **Attention:** | Inv #: | Sample |

RE:     Basurto et al v. Kahala Holdings LLC. et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-10-17 | discussed case with FG; reviewed intake and contacted client to determine name of corporation and owner; researched lexis to find name of corporation; researched files and found language to use in the complaint | 1.90 | 855.00 | MF |
|  | discussed with FG the new facts the client raised | 0.10 | 45.00 | MF |
| Oct-12-17 | reviewed and corrected complaint | 1.90 | 855.00 | MF |
| Oct-16-17 | reviewed complaint and filed it for future use; sent email to SC pointing out errors in complaint | 0.10 | 45.00 | MF |
| Oct-25-17 | discussed with JB status of case | 0.10 | 45.00 | MF |
| Dec-07-17 | Affidavits of Service scanned and filed on ECF | 0.15 | 67.50 | MF |
| Feb-19-18 | got update from SI | 0.10 | 45.00 | MF |
| Mar-16-18 | Appear and travel from initial conference | 1.10 | 275.00 | SI |
| Apr-19-18 | discussed strategy for settlement conference with SI | 0.10 | 45.00 | MF |
|  | Drafted exparte settlement conference letter | 0.90 | 225.00 | SI |

Invoice # Sample                                   Page 2                                August 3, 2018
Case 1:17-cv-07848-PGG-HBP   Document 39   Filed 10/31/18   Page 17 of 17
Case 1:17-cv-07848-PGG-HBP   Document 38-2   Filed 08/16/18   Page 2 of 2

|           | Reviewed documents produced by Defendants | 0.70 | 175.00 | SI |
|-----------|-------------------------------------------|------|--------|----|
| Apr-23-18 | Reviewed case in preparation for settlement conference | 0.60 | 150.00 | SI |
|           | Travel to and from settlement conference; attend settlement conference | 3.60 | 900.00 | SI |
| May-21-18 | Drafted settlement agreement              | 0.60 | 210.00 | SI |
| Jun-08-18 | Revised draft settlement agreement        | 0.70 | 245.00 | SI |
| Jul-18-18 | Reviewed and revised settlement agreement | 0.40 | 140.00 | SI |
|           | Totals                                    | 13.05 | $4,322.50 |   |

**DISBURSEMENTS**

|           | Filing Fee                              | 400.00 |
|-----------|-----------------------------------------|--------|
| Nov-20-17 | Process Server (Kahala Holdings LLC)    | 65.00  |
|           | Process Server (Twin 161 Corp)          | 65.00  |
| Dec-13-17 | Process Server (Kahala Holdings LLC)    | 120.00 |
|           | Totals                                  | $650.00 |

**Total Fee & Disbursements**                                          $4,972.50

**Balance Now Due**                                                    $4,972.50